**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lester Bernard Moore,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV 18-02290-PHX-GMS (BSB)<br><br>**ORDER** |

Pending before the Court are Petitioner Lester Bernard Moore ("Petitioner")'s Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 8) and United States Magistrate Judge Eileen S. Willett's Report and Recommendation ("R&R"), which recommends that the Court deny the Petition (Doc. 18). Petitioner timely filed objections to the R&R. (Doc. 21.) The Court denies the Petition and adopts the R&R.

## BACKGROUND

Because no party has objected to the procedural background set forth in the R&R, the Court adopts the background as set forth therein:

> In May 2015, a jury sitting in the Superior Court of Arizona in and for Maricopa County found Petitioner guilty of kidnapping, aggravated assault, burglary in the first degree, and sexual assault. (Doc. 16-1 at 72-76). The trial court sentenced Petitioner to a total of twenty years in prison. (Doc. 16-2 at 2-8). On January 5, 2017, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (Doc. 16-4 at 2-13). Upon Petitioner's request, the Arizona Supreme Court extended the deadline for Petitioner to file a pro se petition for review. (Id. at 17). Petitioner failed to file a petition for review by the March 9, 2017 extended deadline. On April 4, 2017, the Arizona Supreme Court dismissed the matter. (Id. at 20). The Arizona

Court of Appeals issued its mandate on April 6, 2017. (Doc. 8 at 182). On June 2, 2017, Petitioner filed a Notice of Post-Conviction Relief ("PCR"). (Doc. 16-4 at 35-37). The trial court dismissed the PCR Notice on July 17, 2017, noting that it was untimely filed and failed to state a claim for which relief can be granted in an untimely PCR proceeding. (Id. at 39-41). Petitioner did not request further review by the Arizona Court of Appeals. On July 20, 2018, Petitioner initiated this federal habeas proceeding. (Doc. 1).

(Doc. 18 at 1–2.)

## DISCUSSION

### I. Standard of Review

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to the R&R. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Arn*, 474 U.S. at 149. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

### II. Analysis

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), a state prisoner must file his or her federal habeas petition within one year of the latest of four dates, subject to statutory and equitable tolling. In this case, the only relevant date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] Accordingly, the Magistrate Judge recommends that Petitioner's petition

---

[1] Petitioner also cites 28 U.S.C. § 2244(d)(1)(B) as applicable. However, that provision does not refer to "the date on which the impediment to filing an application created by State action is removed, if the petitioner was prevented from filing by the State action," as Petitioner claims, (Doc. 18 at 2), but instead refers to "the date on which the impediment to filing an application created by State action *in violation of the Constitution or laws of*

be denied and dismissed with prejudice because it was not timely filed and neither statutory nor equitable tolling applies.

In his Objection, Petitioner argues that when the Arizona Supreme Court decided that Petitioner's time "to file a petition for review of the Arizona Court of Appeals Memorandum Decision had expired, and no such petition had been filed, the one year AEDPA statute of limitations did not start to run because three pathways for further review still were open to Moore," including seeking "writ of certiorari to the United States Supreme Court." (Doc. 21 at 4–5.) Petitioner asserts that, per Supreme Court Rule 13, he had until June 7, 2017 to file for writ of certiorari,[2] and that until that time, the state court judgment was not final. Petitioner then argues that because he filed a notice of post-conviction relief (PCR) proceedings on June 2, 2017, "there is no gap." (Doc. 21 at 6.) Yet as the Magistrate Judge noted, the United States Supreme Court dealt with this issue in *Gonzalez v. Thaler*, 565 U.S. 134 (2012). In *Gonzalez*, the Court held that the text of § 2244(d)(1)(A) designating finality as "the conclusion of direct review or the expiration of the time for seeking such review,"

> consists of two prongs. Each prong—the 'conclusion of direct review' and the 'expiration of the time for seeking such review'—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires.

---

*the United States* is removed, if the applicant was prevented from filing by such State action." (Emphasis added.) Petitioner alleges no such impediment here.

[2] "Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals for the Armed Forces) is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." U.S. Sup. Ct. R. 13.

565 U.S. at 150. Because Gonzalez did not appeal to the State's highest court, the Court determined that "his judgment became final when his time for seeking review with the State's highest court expired," and did not include the 90-day period for seeking certiorari in its finality calculation. *Id.* at 154. Like the petitioner in *Gonzalez*, Petitioner did not appeal to the highest state court. The Arizona Court of Appeals affirmed Petitioner's convictions and sentences on January 5, 2017. The Arizona Supreme Court set March 9, 2017 as the deadline for filing a petition for review. When Petitioner did not file by the deadline, Petitioner's time for seeking review expired, and his judgment became final. Petitioner therefore had until March 9, 2018 to file his petition unless that deadline was tolled.

Petitioner argues that the AEDPA statute of limitations did not start to run when his time for appealing to the Arizona Supreme Court expired because, pursuant to Ariz. R. Crim. P. 32.4, he had "30 days after the issuance of the order and mandate in the direct appeal" in which to file a notice of PCR and, pursuant to Ariz. R. Crim. P. 31.2, he had 15 days after entry of the decision to file a motion for reconsideration. He asserts that the "date of issuance of the mandate by the Court of Appeals is not a certain fact" because Petitioner filed a "Motion to Rescind this mandate . . . heard by a three judge panel of the Court of Appeals . . . and they took until May 3, 2017 to file their one page ruling." (Doc. 21 at 8.) Petitioner cites no authority, nor could this Court find any, that filing a motion to rescind extends the date of the issuance of the order and mandate for purposes of Ariz. R. Crim. P. 32.4(D). To the contrary, the Ninth Circuit, interpreting Arizona law, has determined that when a petitioner has not timely appealed a decision terminating review, his "direct appeal [is] final upon the expiration of the time for seeking review of the Court of Appeals decision in the Arizona Supreme Court." *Hemmerle v. Schriro*, 495 F.3d 1069, 1073–74 (9th Cir. 2007). Petitioner's judgment therefore became final on March 9, 2017. He had one year from that date to file a federal habeas petition.

Petitioner argues that filing his federal habeas petition "after June 2, 2017, [the date he filed PCR proceedings] but before July 17, 2017, [the date those proceedings were

dismissed as untimely] would have been a premature filing and would have to have been dismissed without prejudice and refiled only after the state courts had ruled upon [the PCR petition's] procedural or substantive merits. . . . As long as [the PCR petition] was before the state court, it was an impediment to Moore filing his petition for writ of habeas corpus." (Doc. 21 at 7.) Petitioner is correct that there are instances in which a federal habeas filing must be dismissed as premature because a state PCR petition is pending. *See*, *e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("When . . . an appeal of a state criminal conviction is pending, a would be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted."); *Evans v. Ryan*, No. CV-16-08-67-PCT-DLR (BSB), 2016 WL 4394184, at *2 (D. Ariz. June 14, 2016) (recommending dismissal of habeas corpus petition as premature when Rule 32 of-right petition pending in state court), *adopted*, 2016 WL 4271863 (D. Ariz. Aug. 15, 2016). However, Petitioner's June 2, 2017 PCR filing was dismissed as untimely by the trial court because "the deadline for Defendant's Notice of Post-Conviction Relief was May 8, 2017."[3] (Doc. 16-4 at 39–40.) This Court has previously held that untimely state PCR filings render a concurrent federal habeas petition "timely, not premature, and properly filed." *Miller v. Ryan*, No. CV-14-01773-PHX-NVW, 2017 WL 1361291, at *1 (D. Ariz. Apr. 14, 2017) (petitioner's habeas petition was erroneously dismissed for failure to exhaust state remedies because pending state post-conviction proceedings were improper and untimely). Therefore, because Petitioner's PCR filing was untimely, his federal habeas petition would not have been premature had he filed it prior to the dismissal of his PCR proceedings on July 17, 2017.

The limitations period for filing a federal habeas petition may only be tolled during the "time during which a *properly* filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). An untimely state collateral review petition is not

---

[3] "Under Rule 32.1(f) of the Arizona Rules of Criminal Procedure the Notice of Post-Conviction Relief must be filed within 90 days of the entry of judgment and sentencing or within 30 days of the issuance of the order and mandate by the appellate court, whichever is later. . . . the order and mandate issued on April 6, 2017."

"properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that "time limits, no matter their form, are 'filing' conditions," and that a state PCR petition is not "properly filed" if it was rejected by the state court as untimely). "[T]olling under section 2244(d)(2) is unavailable where a state habeas petition is deemed untimely under [state] timeliness standards." *White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010). Because Petitioner's PCR filing was untimely, it did not toll his deadline for filing a federal habeas petition.

Finally, regarding equitable tolling, Petitioner has offered no argument regarding his inability to prepare the instant habeas petition in the months following the state trial court's July 17, 2017 dismissal of his PCR notice. Equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a [*federal habeas*] petition on time." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006). As the Magistrate Judge observed, there is no indication in the record that the circumstances of Petitioner's incarceration made it "impossible" for Petitioner to timely file the *federal* habeas petition, even if he encountered obstacles in the post-conviction *state* proceedings. *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (finding that equitable tolling did not apply where there was "no indication in the record that [circumstances] made it 'impossible' for [prisoner] to file on time"). Equitable tolling therefore is unavailable. Accordingly, because the limitations period was not statutorily or equitably tolled, this proceeding is untimely.

## CONCLUSION

Having reviewed the record de novo, the Court adopts Magistrate Judge's R&R and denies and dismisses the Amended Petition with prejudice. The Court agrees with the Magistrate Judge's conclusion that Petitioner's filing is untimely.

**IT IS SO ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 8) is **DENIED** and **DISMISSED** with prejudice**.**

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge Eileen S. Willett (Doc. 18) is **ADOPTED.**

**IT IS FURTHER ORDERED** that Petitioner's Objections to the Report and

1 | Recommendation (Doc. 21) are **OVERRULED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

Dated this 19th day of November, 2019.

_____
G. Murray Snow
Chief United States District Judge